[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #122, OBJECTION TO DISCOVERY
Plaintiff alleges in its complaint that on February 21, 2001, the defendant, National Casualty Insurance Company, insured Lina Medical Transportation, a company that provided transportation services to individuals needing transportation to medical appointments. The plaintiff further asserts that on the aforementioned date he was a passenger in a taxicab owned by Lina Medical Transportation. While a passenger in said taxicab, it was involved in a collision with another vehicle being operated by unknown persons. Plaintiff alleges that he was injured as a result of the collision.
In paragraph 10 of the complaint, the plaintiff alleges that he seeks recovery from the defendant for reason of the vehicle that collided with the taxicab was operated by an unknown and uninsured driver.
On January 7, 2002, the defendant filed a document entitled "Objection To Plaintiff's Request For Interrogatories, Production, Inspection And Examination Dated December 14, 2001". On January 10, 2002, the plaintiff filed a document entitled "Plaintiff's Reply to Defendant's Objection to Plaintiff's Request for Interrogatories, Production, Inspection, and Examination.[1]
The gist of the defendant's objection to the discovery is that the plaintiff should have sought the court's permission before filing non-standard interrogatories and therefore the plaintiff is in violation of § 13-6 (b) of the Connecticut Practice Book. The gist of the plaintiff's reply is that the instant action is not a personal injury action alleging liability based on the operation or ownership of a motor vehicle and therefore § 13-6 does not apply.
This court could only find one case that was on point with the issue raised by the parties in the instant action. In that case a Superior Court Judge held that the parties in an uninsured/underinsured motorist case are not required to obtain the court's permission prior to the filing of nonstandard interrogatories. The court stated in pertinent part that:
 The court holds that in claims for underinsured or CT Page 1272 uninsured motorist coverage the rule does not require such prior permission where this kind of information is sought. This is not a lawsuit based on "operation or ownership of a motor vehicle" or one based on "ownership, maintenance or control of real property" but instead a suit by an insured against an insurer and therefore the Rule 13-6 requirement of prior permission to serve non-standard questions does not apply.
 Caldwell v. Shelby Insurance Co., No. CV94 05 64 54 (Oct. 19, 1998) 1998 Ct. Sup. 11753, 13969 (Flynn, J.)
Upon review the allegations in the complaint in this matter, this court comes to the same conclusion as the court reached in Caldwell, Id. The instant action is not a personal injury action based on the operation or ownership of a motor vehicle. It is an action against an insurer concerning uninsured/underinsured motorist coverage. Section 13-6 (b) of the Practice Book does not require prior permission to file nonstandard interrogatories under the current situation.
For the foregoing reasons the objection to the discovery is overruled. So ordered.
Richard A. Robinson, J